UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


UNITED STATES OF AMERICA and
ANGLO-AMERICAN    FINANCIAL,
collectively referred to as
the Kennedy Funding Group,

      Plaintiffs,


v.                                  Case No: 2:96-cv-232-FtM-29


FEINSTEIN              FAMILY
PARTNERSHIP,   a   Florida
general  partnership,  BRIAN
FEINSTEIN,  individually and
as  partners  doing  business
as     Feinstein     Family
Partnership, MARK FEINSTEIN,
individually and as partners
doing business as Feinstein
Family  Partnership,  ERIC
FEINSTEIN,  individually and
as  partners  doing  business
as     Feinstein     Family
Partnership,         DEBORAH
FEINSTEIN             KOROGLU,
individually and as partners
doing business as Feinstein
Family Partnership, COLONIAL
PROPERTIES       IMPROVEMENT
DISTRICT,  INC.,  a  Florida
corporation,        COLONIAL
PROPERTIES, INC., a Florida
Corporation,        MICHAEL
STEVENS,    and    CARLTON,
FIELDS,   WARD,   EMMANUEL,
SMITH & CUTLER, P.A.,

      Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Order Directing Clerk to Enter Judgment *Nunc Pro Tunc* Pursuant to Fed. R. Civ. P. 58 (Doc. #289) filed on September 30, 2016. Defendants filed a response in opposition and request a hearing on the matter.  (Docs. #294; #295.)

The United States commenced this action against the defendants in June 1996.  The Court conducted a trial on the merits and found the defendants jointly and severally liable for violations of sections 301 and 404 of the Clean Water Act (CWA), 33 U.S.C. §§ 1311, 1344.  Defendants were ordered to pay a penalty of $400,000 to the United States Treasury.  (Doc. #207, p. 28.) On August 17, 1999, the Court further clarified that final judgment was granted in favor of the Government and the Clerk was directed to enter judgment accordingly pursuant to Rule 58 of the Federal Rules of Civil Procedure.  (Doc. #252.)  Upon review of the docket it appears the Clerk did not enter the final judgment as directed by the Court's Order.

Plaintiff now seeks an order directing the Clerk to enter final judgment *nunc pro tunc* so that it may enforce the judgment that was rendered in the Court's August 17, 1999 Order.  Plaintiff

further seeks an order directing defendants to pay the $400,000 penalty immediately. Defendants agree that the Court should instruct the Clerk to enter a final judgment but object to the order applying *nunc pro tunc*.

The Federal Rules of Civil Procedure require "[e]very judgment and amended judgment must be set out in a separate document[.]" Fed. R. Civ. P. 58. However, in Bankers Trust Company v. Mallis, 435 U.S. 381 (1978), the Supreme Court noted that the purpose of the separate-document requirement was to clarify when the time for appeal begins. Id. at 384–85. "The need for certainty as to the timeliness of an appeal, however, should not prevent the parties from waiving the separate-judgment requirement where one has accidentally not been entered." Id. at 386.

Here, the Court clearly evidenced its intent that the August 17, 1999 Order (Doc. #252) represent the final decision in the case. Although the Clerk of Court failed to enter final judgment in a separate document, such error does not render the Court's judgment unenforceable. In addition, neither party has challenged the enforceability of the Court's Order in the last seventeen years. Therefore, the Court finds under the circumstances of this case, the parties should be deemed to have waived the separate-

judgment requirement of Rule 58.   Id. at 388; see also Reynolds
v. Golden Corral Corp., 213 F.3d 1344, 1346 (11th Cir. 2000).

Furthermore, the Court finds that the error of the Clerk may
be corrected pursuant to Federal Rule of Civil Procedure 60(a).
Rule 60 of the Federal Rules of Civil Procedure provides in part
the "court may correct a clerical mistake or a mistake arising
from oversight or omission whenever one is found in a judgment,
order, or other part of the record."   Fed. R. Civ. P. 60.   Under
this rule, a district court may "correct clerical errors to reflect
what was intended at the time of ruling," but "errors that affect
substantial rights of the parties . . . are beyond the scope of
rule 60(a)."   Weeks v. Jones, 100 F.3d 124, 128 (11th Cir. 1996)
(citations omitted).   As discussed above, the Court clearly
intended that the August 17, 1999 Order (Doc. #252) serve as the
final decision in this case.   The Court will, therefore, grant
plaintiff's motion for a *nunc pro tunc* order.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion for Order Directing Clerk to Enter
Judgment *Nunc Pro Tunc* Pursuant to Fed. R. Civ. P. 58 (Doc. #289)
is **GRANTED to the extent set forth herein and otherwise DENIED.**

2.   Defendants' Request for Hearing (Doc. #295) is **DENIED.**

     3.    The Clerk of Court is directed to enter final judgment *nunc pro tunc*.

    **DONE and ORDERED** at Fort Myers, Florida, this   21st   day of December, 2016.

                                     JOHN E. STEELE
                                     SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record